UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AARON SCOTT BEARDSLEY,

        Petitioner,

v.                                             Case No: 5:16-cv-396-Oc-40PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Aaron Scott Beardsley ("Petitioner" or "Beardsley"), a prisoner of the Florida Department of Corrections (Doc. 1, docketed June 15, 2016). In compliance with this Court's Order (Doc. 3), Respondents filed a Response to the Petition (Docs. 9, 11). Petitioner filed a Reply (Doc. 13), and the Petition is ripe for review. Because the Court may resolve the petition on the basis of the record, and evidentiary hearing is not warranted. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, each of Petitioner's claims will be denied.

        **I.**        **Background and Procedural History**

On March 11, 2011, a jury in Marion County found Petitioner guilty as charged of burglary of a dwelling with battery and firearm. The jury further found that Petitioner possessed and discharged a firearm in the course of committing the burglary.

(Respondents' Appendix, Doc. 11, Exh. A) (hereafter "Exh."). The trial court sentenced Petitioner to life in prison with a 20-year mandatory minimum term of imprisonment. (Exh. D.) Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed Petitioner's conviction and sentence (Ex. G); *Beardsley v. State*, 100 So.3d 709 (Fla. 5th DCA 2013) (table).

On January 30, 2013, March 5, 2013, and June 3, 2013, Petitioner filed motions for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (collectively, "Rule 3.850 Motion") (Exhs. K, M, Q.) The post-conviction court summarily denied grounds one and two of the Rule 3.850 motion. (Exh. P.) After an evidentiary hearing was conducted on February 21, 2014, the post-conviction court denied the motion (Exh. S), and Florida's Fifth DCA affirmed without a written opinion (Ex. W).

Petitioner signed the present federal habeas petition on June 2, 2016. (Doc. 1.) Respondents concede the petition is timely. (Doc. 9, pp. 10-11.)

## II. Legal Standards

### a. The Antiterrorism Effective Death Penalty Act (AEDPA)

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in

3

existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).

A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits—warranting deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Generally, in the case of a silent affirmance, a federal habeas court will "look through" the unreasoned opinion and presume that the affirmance rests upon the specific reasons given by the last court to provide a reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Wilson v. Sellers*, 138 S. Ct. 1188 (2018). However, the presumption that the appellate court relied on the same reasoning as the lower court can be rebutted "by evidence of, for instance, an alternative ground that was argued [by the state] or that is clear in the record" showing an alternative likely basis for the silent affirmance. *Wilson*, 138 S. Ct. at 1196.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1)*; Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

      **b.**    **Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his

4

counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Indeed, the petitioner must "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of plea bargains, "[t]he ... 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

5

### c. Exhaustion

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179–80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *Crawford v. Head*, 311 F.3d 1288, 1327–28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray*, 477 U.S. at 479-80.

### III. Analysis

Beardsley raises a total of four grounds in his § 2254 petition: (1) the trial court's denial of a continuance was unconstitutional; (2) trial counsel was constitutionally ineffective for failing to properly raise all grounds for the continuance; (3) trial counsel was constitutionally ineffective for failing to investigate and consult a DNA expert; and (4) the cumulative effect of all of the errors in Grounds One, Two, and Three violate Petitioner's constitutional rights. (Doc. 1.) Respondents argue that Grounds One, Two, and Four were not properly presented to the state courts, and that Ground Three is without merit. (Doc. 9.)

### a. Ground One

Petitioner asserts that the trial court erred by denying counsel's motion for a continuance of the trial. (Doc. 1.) Petitioner raised this claim in his initial brief on direct appeal, arguing that the denial of the continuance prevented trial counsel from adequately preparing for the trial because she had been ill. (Exh. E.) The claim was denied by Florida's Fifth DCA. (Exh. G.)

Respondents urge that Ground One is unexhausted because neither at trial nor in his initial brief on direct appeal did "did Petitioner make any reference to any federal constitutional provision or claim and referred to no federal case law. Petitioner relied solely on state court decisions and law in his brief." (Doc. 9, p. 18.) In his initial brief, while Petitioner did not cite any federal cases, he did specifically argue that the denial of the continuance "deprived [him] of his Sixth Amendment right to counsel." (Exh. E, p. 12.) Further, two of the three state court cases Petitioner cited in support of this argument specifically relied on some federal case law. *See Bouie v. State*, 559 So. 2d 1113 (Fla. 1990) and *McKay v. State*, 504 So. 2d 1280 (Fla. 1st DCA 1986). The Court finds that Petitioner did properly present Ground One as a federal question in the state courts.

*Morris v. Slappy*, 461 U.S. 1 (1983), sets forth the clearly established federal law on the issue of whether the denial of a motion for a continuance violated the defendant's rights under the Sixth Amendment:

> Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel. Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the

8

same time, and this burdens counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted to trial courts on matters of continuances only an unreasoning and arbitrary "insistence on expeditiousness in the face of a justifiable request for delay" violates the right to assistance of counsel.

*Morris*, 461 U.S. at 11-12 (internal citations and quotations omitted).

Here, trial counsel Ginnifer Gee originally represented Petitioner on July 10, 2008, while an Assistant Public Defender. By September 17, 2008, another Assistant Public Defender was representing Petitioner. After several changes of counsel, on October 28, 2010, attorney Gee, apparently now in private practice, filed a notice of appearance after being hired by Petitioner. On February 27, 2011, the trial court held a hearing on a motion for a continuance by Ms. Gee. She argued that she had been ill for two months with salmonella poisoning and also suffered a problem with her arm. Ms. Gee also stated that she wanted to file several motions. She acknowledged that all depositions had been completed. On March 7, 2011, the trial court conducted another hearing regarding the motion for continuance. The trial court denied the motion. On the first day of trial, March 10, 2011, Ms. Gee stated that she had emailed another motion to continue the previous day. The trial court considered her complaints of ongoing illness since November 2010, and the State's response that the case had already been continued 4-5 times. (Exh. B, pp. 12-28.) The Fifth DCA affirmed. (Exh. G.)

The state courts' rejection of Ground One was not contrary to *Morris*, or any other "clearly established Federal law." Nor was it based upon an unreasonable determination of the facts. The trial court had already granted multiple continuances, and its rejection

of trial counsel's motion for a continuance the morning of trial was not an abuse of discretion. Accordingly, Ground One is denied on the merits.

### b. Ground Two

In Ground Two, Petitioner asserts that trial counsel was constitutionally ineffective for failing to adequately argue the motion for a continuance discussed in Ground One. (Doc. 1, pp. 8-10.) Respondents assert Ground Two is unexhausted and procedurally barred because Petitioner raises it for the first time on federal review. (Doc. 9, pp. 23-25.) The Court finds that Ground Two was not properly exhausted. However, even if Petitioner had exhausted Ground Two it is without merit.

This claim fails to satisfy *Strickland*'s performance prong. Trial counsel moved to continue the trial on more than one occasion and presented multiple reasons to the trial court in support of her argument. Trial counsel's performance cannot be deemed deficient merely because the Petitioner did not prevail on the motion, especially where, on these facts, the trial court was reasonable in its decision to deny the motion for continuance. Petitioner has not shown that trial counsel's conduct fell outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, Petitioner cannot demonstrate *Strickland* prejudice, i.e., that but for trial counsel's deficient arguments, the continuance would have been granted.

Ground Two fails to satisfy either *Strickland* prong. This claim is denied. 28 U.S.C. § 2254(d).

### c. Ground Three

Petitioner asserts that trial counsel was ineffective for failing to investigate and consult a DNA expert. (Doc. 1.) In rejecting this claim on post-conviction review, after an evidentiary hearing, the court summarized and denied the claim as follows:

> At the Evidentiary Hearing, Counsel testified regarding Defendant's case and the DNA evidence against Defendant. Counsel first testified that she was unsure if she spoke to a DNA expert or if she conducted her own research, but she had questions and theories for cross-examination of the DNA expert at trial. Counsel then testified that she remembered she did not speak with a DNA expert because [sic] did not feel that it was necessary. Counsel explained, "I think it was just through my own DNA research, because the conversations that I had had with Mr. Beardsley, that I didn't think that hiring an expert was going to alleve [sic] the situation." Counsel further testified that she had dealt with 30-40 DNA issue in preparation for trial throughout her career, mostly on the same issue as the instant case, and she had previously consulted DNA experts to prepare for her cases. Because Counsel was well-versed in DNA evidence, this Court finds that Counsel's performance was not deficient in failing to consult with a DNA expert. Furthermore, Counsel testified that the evidence against Defendant was not limited to DNA evidence. The State presented eye witness testimony, including the victims' identification of Defendant, and testimony from John Naranjo. Counsel agreed that "not only did Mr. Naranjo testif[y] that Mr. Beardsley admitted doing this robbery to him, but there was recording of a phone call between the two of them where Mr. Beardsley discussed where he did the gun." Therefore, the Court finds that Defendant was not prejudiced by Counsel's alleged deficiency in failing to consult with a DNA expert.

(Ex. S at pp. 2-3) (citations to the record omitted) (emphasis in original). Florida's Fifth DCA affirmed (Ex. W).

This claim fails to satisfy *Strickland*'s performance prong. As noted by the post-conviction court, trial counsel had dealt with similar issues in dozens of previous cases and had previously consulted with DNA experts.

Moreover, Petitioner cannot demonstrate *Strickland* prejudice, i.e., that but for trial counsel's failure to consult a DNA expert, the jury would have found him not guilty. As the post-conviction court pointed out, there was ample additional inculpatory evidence other than DNA, such as identification by the victim and testimony from a co-defendant.

The state courts reasonably concluded that Ground Three fails to satisfy either *Strickland* prong. This claim is denied. 28 U.S.C. § 2254(d).

### d. Ground Four

Petitioner asserts that the cumulative effect of the errors stated in Grounds One, Two, and Three of the present petition had the cumulative effect of violating his constitutional right to counsel, due process, and a fair trial. (Doc. 1, pp. 13-14.) Petitioner did not raise this "cumulative error" argument to the state courts, and therefore it is unexhausted and procedurally barred. However, even if Petitioner had exhausted Ground Four, it is without merit.

This Court need not determine whether, under current Supreme Court precedent, cumulative error claims can ever succeed in showing that the state court's adjudication on the merits was contrary to or an unreasonable application of clearly established federal law. Petitioner has not shown an error of constitutional dimension with respect to any federal habeas claim. Therefore, he cannot show that the cumulative effect of the alleged errors deprived him of fundamental fairness in the state criminal proceedings. *See Morris*

*v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012)(refusing to decide whether post-AEDPA claims of cumulative error may ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law, but holding that petitioner's claim of cumulative error was without merit because none of his individual claims of error or prejudice had any merit); *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x 560, 565 (11th Cir. 2009); *Hill v. Sec'y, Fla. Dep't of Corr.*, 578 F. App'x 805 (11th Cir. 2014)(same). The state courts' rejection of this claim was not contrary to clearly established federal law, nor was it based upon an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief.

### IV. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected a claim on the merits, the showing required" for a COA is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Id.* Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Aaron Scott Beardsley is **DENIED**, and this case is dismissed with prejudice.

2. Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OCAP-2